UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JOHN COWAN,

Plaintiff,

vs.

DANIEL LOPEZ; et al.,

Defendants.

Case No: C 16-5864 SBA

**ORDER REMANDING ACTION**

Acting pro se, Defendant Daniel Lopez ("Lopez") removed two consolidated civil actions originally filed in San Francisco County Superior Court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1441. See John Cowan v. Daniel Lopez, S.F. Super. Ct. No. CGC-13-531107 ("Cowan action") and Timothy Broderick v. Daniel Lopez, S.F. Super. Ct. No. CGC-13-546196 ("Broderick action"). Lopez argues that the removed actions implicate "49 U.S.C. §§ 40119 and 44901 and 49 C.F.R. § 1520.1ff dealing with protection of Sensitive Security Information ["SSI"] at airports—over which this Court has original jurisdiction." Not. of Removal at 2, Dkt. 1. Along with his Notice of Removal, Lopez has submitted a motion for leave to proceed in forma pauperis ("IFP"). For the reasons set forth below, the Court sua sponte remands the consolidated actions for lack of jurisdiction. See 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).[1]

[1] On October 14, 2016, Plaintiffs filed a motion to remand along with a request for an order shortening time. Dkt. 4, 5. Because the court remands the action sua sponte, those motions are denied as moot.

## I. BACKGROUND

Lopez was previously a client of attorney John Cowan ("Cowan"), who represented Lopez in a business partnership dispute filed in the San Francisco County Superior Court. As a result of a fee dispute between Cowan and Lopez, Lopez allegedly began harassing and defaming Cowan. Represented by attorney Timothy Broderick of the Broderick Saleen Law Firm (collectively "the Broderick Firm"), Cowan filed suit against Lopez, alleging state law causes of action for defamation, willful misconduct under California Penal Code §§ 523 and 524, negligence, and injunctive relief.

Lopez, apparently displeased that the Broderick Firm was representing Cowan, then turned his attention to the Broderick Firm. According to the Broderick Firm, Lopez began posing as former clients of the firm and posting false and defamatory reviews on numerous internet sites, such as Avvo, Yelp, Google and Craigslist, among others. The Broderick Firm commenced a separate lawsuit against Lopez, alleging state law causes of action for defamation, intentional and negligent interference with contractual relations, intentional and negligent infliction of emotional distress, unauthorized access, and declaratory and injunctive relief.

During the course of the litigation, the Broderick Firm sought discovery from Lopez, including information stored in his cellular telephone. Lopez refused to provide such information, claiming that because he had a security clearance at the San Francisco Airport and used his telephone for work, the information stored in his telephone was federally protected as SSI.[2] The trial court rejected Lopez's contention and granted the Broderick Firm's motion to compel. See Not. of Removal, Ex. G at 142-43. Lopez sought to challenge that ruling by filing a petition for writ of mandate, prohibition or other relief and

---

[2] SSI is "'information obtained or developed in the conduct of security activities . . . the disclosure of which TSA has determined would . . . [b]e detrimental to the security of transportation." Ibrahim v. Department of Homeland Sec., 669 F.3d 983, 998 (9th Cir. 2012) (quoting 49 C.F.R. § 1520.5(a)(4)). "[Under] [s]ection 525(a) of the Department of Homeland Security Appropriations Act of 2007, Pub. L. No. 109-295, 120 Stat. 1355, 1382 (October 4, 2006), . . . information designated as SSI may be withheld from public disclosure by the Department of Homeland Security." Id.

a request for stay with the California Court of Appeal. Id. Ex. H. On September 29, 2016, the Court of Appeal denied all of Lopez's requests. Id. On October 11, 2016, Lopez filed the instant notice of removal.

## II. DISCUSSION

A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The federal removal statute permits the removal of an action which could have been brought originally in federal court. See 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction") (citing Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)).

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A district court's federal-question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of Calif. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). The "presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted).

Lopez's removal is premised entirely on his assertion that information stored on his cell phone constitutes SSI, which is protected from disclosure under federal law. To establish federal jurisdiction, Lopez must show that the pleadings allege claims that "arise under" federal law. Franchise Tax Bd., 463 U.S. at 27-28. A claim satisfies that requirement only if the "complaint establishes that (1) federal law creates the cause of action," which is not the case here, or if "(2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Id. Whether a claim "necessarily depends" on a question of federal law turns on whether the complaint contains "allegations of federal law that are essential to the establishment of the claim," Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003), or when "the vindication of a right under state law necessarily turn[s] on some construction of federal law." Franchise Tax Bd., 463 U.S. at 9. "'Arising under' federal jurisdiction only arises, then, when the federal law does more than just shape a court's interpretation of state law; the federal law must be *at issue*." Int'l Union of Operating Engineers v. Cty. of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009). Here, none of the claims alleged in either the Cowan or Broderick actions present any federal claims or issues arising under federal law. Rather, Lopez merely asserted—unsuccessfully—a federal privilege in response to a discovery request. Such an assertion is plainly insufficient to demonstrate the existence of federal jurisdiction.

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT, pursuant to 28 U.S.C. § 1447(c), the instant matter is REMANDED to the San Francisco County Superior Court. Lopez's request to proceed IFP is DENIED AS MOOT. The Clerk shall terminate all pending matters and close the file.

IT IS SO ORDERED.

Dated: 10/14/16

Saundra B Armstrong
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge